CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUN 27 2012

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

7:12-cv-00283

Action Number _____
(To be supplied by the Clerk,
U.S. District Court)

Please fill out this complaint form completely. The court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I. **PARTIES** Supertendent, Glen Aylor, Central Virginia Regional Jail, (C.V.R.J.) et, al.

A. Plaintiff: Timothy Michael Breeden

   1. (a) Timothy Michael Breeden        (b) #1064275
          (name)                              (inmate number)

      (c) 3600 Woods Way, P.C.C.
          (address)

          State Farm, Virginia 23160

Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.

B. Defendant(s): Superintendent, Glen Aylor; Dr. Clifton Sheets; Robert Dryden, P.A.; Amanda Pitts, N. Sup.; P. Grymes, Counselor.
   Plaintiff is advised that only persons acting under color of state law are proper defendants under section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under section 1983. In addition, liability under section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens and sheriffs are not liable under section 1983 just because they supervise persons who may have violated your rights. These persons are liable only if they were personally involved in the alleged deprivation. In addition, prisons, jails, and departments within an institution are not persons under section 1983.

   1. (a) Glen Aylor                    (b) Superintendent
          (name)                             (title/job description)

      (c) 13021 James Madison Hwy. C.V.R.J.
          (address)

          Orange, Virginia 22960

2. (a) <u>Dr. Clifton Sheets</u> (b) <u>MD</u>
       (name)                    (title/job description)

   (c) <u>13021 James Madison Hwy. C.V.R.J.</u>
       (address)

       <u>Orange, Virginia 22960</u>

3. (a) <u>Robert Dryden</u> (b) <u>Physician Assist.</u>
       (name)                (title/job description)

   (c) <u>13021 James Madison Hwy. C.V.R.J.</u>
       (address)

       <u>Orange, Virginia 22960</u>

   (See attachment

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

Plaintiff MUST provide an address for defendant(s) in order for the court to serve the complaint. If plaintiff does not provide an address for a defendant, that person may be dismissed as a party to this action.

In addition, plaintiff MUST provide a copy of the completed complaint and any attachments for EACH defendant named.

**II. PREVIOUS LAWSUITS**

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment? Yes [ ]  No [XX]

B. If your answer to A is YES: You must describe any lawsuit, whether currently pending or closed, in the space below. [If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.]

1. Parties to previous lawsuit:

Plaintiff(s) <u>N/A</u>

Defendant(s) <u>N/A</u>

2. Court [if federal court, name the district; if state court, name the county]: <u>N/A</u>

3. Date lawsuit filed: <u>N/A</u>

4.  Docket number: N/A

5.  Name of Judge to whom case was assigned:

    N/A

6.  Disposition [Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?]:

    N/A

## III. GRIEVANCE PROCEDURE

A.  At what institution did the events concerning your current complaint take place? Central Virginia Regional Jail (C.V.R.J.)

B.  Does the institution listed in A have a grievance procedure? Yes [XX]  No [ ] Counselor would verbally resolve issues through Request Forms. Counselor refuse to provide Plaintiff with Grievance Forms.

C.  If your answer to B is YES:

    1.  Did you file a grievance based on this complaint? Yes [XX]  No [ ] Request Forms. See Exhibit (A).

    2.  If so, where and when: C.V.R.J., July 2010.

    3.  What was the result? Counselor's verbal resolution, refuse me the proper forms to grievance my issues. Sgt. Vogt said, Nothing could go to the Virginia Dept. of Corrections.

    4.  Did you appeal?   Yes [ ]   No [XX]

    5.  Result of appeal: Denied the opportunity by C.V.R.J., Staff to Grieve issues. Denying Plaintiff access to the courts.

D.  If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [XX]  No [ ]

    If your answer is YES:  What steps did you take?

    N/A  Filled out request forms but was refused an answer.

E.  If your answer is NO, explain why you did not submit your complaint to the prison authorities.

    N/A

## IV. STATEMENT OF THE CLAIM

[State here as briefly as possible the **facts** of your case. **Describe how each defendant is involved and how you were harmed by their actions.** Also include the names of any other persons involved, dates and places of events. You may cite constitutional amendments you allege were violated, but **do not** give any legal arguments or cite any cases or statutes.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph. (Attach additional sheets if necessary.)]

(See attachment Pages 2-7)

4

## V. RELIEF

I understand that in a section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. __TMB__ [please initial]

The plaintiff wants the Court to: [check those remedies you seek]

__X__   award money damages in the amount of $ __240,000.00__

__X__   grant injunctive relief by __See attachment Page 7__

__X__   Other __See attachment Page 7__

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

__Powhatan Correctional Center, State Farm, Virginia 23160__

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a jury or court trial, with appeal to the District Court or direct appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:** Yes [XX] No [ ]. You may consent at any time; however, any early consent is encouraged.

If you checked Yes, do you wish to have an appeal to the District Court or directly to the U.S. Court of Appeals? (Choose one) __District Court__

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this __25th__ day of __June__, __2012__.

Plaintiff __Timothy Breeden - Timothy Breeden__

5

VIRGINIA:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. §1983

TIMOTHY M. BREEDEN, #1064275,

    PLAINTIFF,

V.                                    CIVIL ACTION NO. _____

GLEN AYLOR, SUPERINTENDENT, C.V.R.J.

AND

DR. CLIFTON SHEETS: ROBERT DRYDEN, P.A.:

AMANDA PITT, N. SUP.: P. GRYMES, COUNSELOR.

ADDRESS:    CENTRAL VIRGINIA REGIONAL JAIL
                  13021 JAMES MADISON HWY.
                  ORANGE, VIRGINIA 22960

                  DEFENDANTS.

1.    Plaintiff is advised that only persons acting under color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, Wardens, and Sheriffs are not liable under Section 1983 just because they supervise persons who may have violated your rights. These persons are liable only if they were personally involved in the alleged deprivation. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.

## PARTIES

2.    Plaintiff is a prisoner at Powhatan Correctional Center in State Farm, Virginia, since July 13, 2011. June 2010, Plaintiff was under the care of Glen Aylor, Superintendent of the Central Virginia Regional Jail (CVRJ) during the times relevent to the allegations in this complaint.

3.    <u>Glen Aylor</u>, Superintendent of the Central Virginia Regional Jail (CVRJ) who houses offenders until they enter Virginia Department of Corrections (VDOC),

## DEFENDANTS

4. <u>Dr. Clifton Sheets</u>, is a physician and is employed by the Central Virginia Regional Jail to provide medical care services to Plaintiff at times relevant to the allegations in this complaint.

5. <u>Robert Dryden</u>, is a Physician Assist. (P.A.) and is employed by the Central Virginia Regional Jail (CVRJ) to provide medical care service to Plaintiff at times relevant to the allegations in this complaint.

6. <u>Amanda Pitts</u>, is the Nursing Supervisor and she exercises control over the Nursing Staff at Central Virginia Regional Jail (CVRJ), where she is employed during the times relevant to Plaintiff allegations in this complaint.

7. <u>P. Grymes</u>, A Counselor employed by Central Virginia Regional Jail (CVRJ). He was assigned to assist Plaintiff in and with his medical needs during the times relevant to the allegations in this complaint.

8. Plaintiff has no previous lawsuits.

## GRIEVANCE PROCEDURE

9. The events concerning this complaint took place at the Central Virginia Regional Jail (CVRJ). This complaint was verbally grieved. Everytime Plaintiff asked or requested Mr. P. Grymes, the Counselor for an Informal Complaint or Regular Grievance Form, he would discuss the issue and say issue resolved, when it wasn't! but he always evaded giving Plaintiff the forms he requested. Mr. Grymes was persistent in denying Plaintiff access to the court, by denying Plaintiff the opportunity to exhaust his medical complaints and issues. See Exhibit (B). Sgt. Vogt an employee of Central Virginia Regional Jail (CVRJ), told Plaintiff, "he could not carry anything (including legal documents) to the virginia Department of Corrections." See Attached Affidavits.

## STATEMENT OF THE CASE

10. Plaintiff was involved in a major vehicle accident on May 30, 2010. He was ejected from the vehicle and suffered a left tibio/fibular grade 3 open fracture and

right tibio and fibula wound (broken leg).

11. Plaintiff was transported by ambulance to the University of Virginia Hospital, where Plaintiff underwent surgery to repair the tibio/fibular fracture to his lower left leg. Rod and screws were set in the leg, and the wound was cleaned/flushed to lower the risk of infection.

12. On June 2, 2010, Plaintiff began impatient physical therapy at University of Virginia Hospital. Where he learned to get in and out of bed with a walker and how to use a special device to get dressed and manuever up and down a step, how to get on and off a handicapped movable toilet. These exercises were excruciatingly painful.

13. Plaintiff was placed on medication of Morphine Drip while alternating percaced and Oxycodone every two (2) hours for the pain he was suffering from in his leg.

14. On June 3, 2010, during therapy something moved painfully in Plaintiff's lower left leg, and the therapy session was discontinued. X-Rays were taken and they revealed a sliver of bone was detached and "floating." The surgeons allegedly left the sliver of bone in the injury with hope of it reattaching itself over a period of time.

15. On June 4, 2010, Plaintiff was examined and explained to him the importance of pain management, medication was prescribed, Vicoden and Oxycodone, and Plaintiff was discharged from University of virginia Hospital Charlottesville, Virginia.

16. on June 4, 2010, at 10:P.M., two (2) Fluvanna County Police Officers arrived at 1642 Transco Road, Scottsville, Virginia to retain Plaintiff for bond and probation violations. After the officers noticed Plaintiff's severe medical condition, the officers contacted Fluvanna County's Commonwealth Attorney, Mr. Jeffery Haslip. The officer told Mr. Haslip that the only way to move Plaintiff would be by ambulance. Mr. Haslip stated that, "he would meet with a judge on Monday June 7, 2010, to determine what should be done."

17. On June 8, the Fluvanna County Police Officers served Plaintiff with a sum-

mons to appear in Fluvanna County General Court on June 15, 2010, for the violation of bond conditions and probation violation. (Plaintiff at that time had an in-house nurse provided by the University of Virginia Medical Center. She constantly checked Plaintiff's wounds and changed the bandages as needed to prevent infection and fever because of the seriousness of Plaintiff's wound/injury.

18. On June 15, 2010, Plaintiff went to Court in a wheelchair. The Judge asked Mr. Haslip (Prosecuting Attorney) If Central Virginia Regional Jail (CVRJ) could handle Plaintiff in his medical condition at that time? the jail Superintendent, Mr. Glen Aylor was contacted at that time and he replied, "they (Jail Medical Staff) would be able to care for Plaintiff, and his serious medical need."

19. On June 15, 2010, Plaintiff was placed in Maximum Security Medical Unit at Central Virginia Regional Jail (CVRJ). Plaintiff's in-house nurse told the Medical Staff at CVRJ, that if redness in Plaintiff's lower left leg gets any worse that they should get Plaintiff to the Emergency Room immediately. Everdently, the Medical Staff (CVRJ) didn't pay any attention to the in-house nurse's medical advise/instructions.

20. On July 8, 2010, Plaintiff was seen by Dr. Clifton Sheets, MD, CVRJ-Employee, he examined Plaintiff's leg, and told him it looked good and advised Plaintiff to soak his wound in warm water and apply a hot compress to his leg. Dr. Sheets also prescribed several different antibiotics, Kef-flex, Docycylin, and Clendomiacin.

21. On July 9, 2010, Plaintiff was transported to University of Virginia Medical Center for a follow-up trauma appointment. During the trauma appointment, Plaintiff asked the doctor if she could take a look at his leg because of the excruciating pain. Upon examining Plaintiff's badly infected leg, the doctor completely stopped the trauma evaluation and called for the Orthropedic Doctor. He inspected Plaintiff's wound and squeezed pus from the wound and confirmed that the wound was badly infected, and emergency surgery was needed immediately. (Superintendent Glen Aylor, just lied about his medical staff's ability to care for Plaintiff's serious medical need.)

22. On July 10, 2010, Plaintiff had surgery, because of his badly infected leg. Superintendent Glen Aylor said, "He and his medical staff could care for Plaintiff's serious medical need," which was a misrepresentation of the facts, and it's deliberate indifference, cruel and unusual punishment, an Eighth Amendment Violation to the United States Constitution.

23. From June 15, 2010, to July 10, 2010, Dr. Clifton Sheets, MD; Robert Dryden, P.A.; P. Grymes, Counselor; and Amanda Pitts, Nursing Supervisor, their intolerable conduct, and professional abilities, they "could not" analyze/determine the fact that Plaintiff's leg was so infected that gangrene could have so easily set in, especially with the rod and screws in Plaintiff's leg which required immediate surgery. The Defendants (CVRJ, Employees) acted with intolerable conduct, with reckless disregard for and with deliberate indifference toward Plaintiff's serious medical need. The Defendants (CVRJ, Employees) could not recognize the seriousness of Plaintiff's injury being professionally qualified as a medical staff! It constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. Such actions of the Defendants (CVRJ, Employees) were intentional, deliberate, cruel and unusual punishment which violates Article 1, Section 9, of the Virginia Constitution, and the Eighth and Fourteenth Amendments to the United States Constitution.

24. Furthermore, the Defendants (CVRJ, Employees) being the direct cause of Plaintiff's infection that cause a second surgery, whereas, Plaintiff could have lost his leg to the knee as a result of the Defendants (CVRJ, Employees) reckless intolerable conduct and disregard for Plaintiff's serious medical need, makes them liable to Plaintiff for compensable injuries. To have Plaintiff endure such suffering and excruciating pain by alleged qualified staff (CVRJ, Employees) members who couldn't even properly administer Plaintiff's pain medication is cruel and unusual punishment. See Exhibits (C-F)

25. Superintendent, Glen Aylor (CVRJ, Employees) stated, "He could care for Plain-Tiff's serious medical needs," but failed to do so. Superintendent Aylor, accepted

this responsibility and failed to provide adequate medical care to Plaintiff, which resulted in the worsening of Plaintiff's condition which lead to a second surgery. Each Defendant (CVRJ, Employees) was aware of Plaintiff's injury, and the fact exists that they (CVRJ, Employees) failed to provide Plaintiff with adequate medical and health care, which was reckless disregard, and they are compensable injuries which the Defendants (CVRJ, Employees) are liable to Plaintiff. By allowing Plaintiff's leg to get infected and leaving a permanent disfigurement on Plaintiff's left leg. The Defendants (CVRJ, Employees) who for twenty-five (25) days (June 15, 2012, to July 10, 2010) could not tell or determine the seriousness of Plaintiff's injury, whether the injury was getting better or worse. But the Defendants (CVRJ, Employees) are qualified in medical practice, but lacking quality and duty of care. Such breach of duty and ordinary care is unprofessional. Superintendent, Glen Aylor, and CVRJ Employees are the direct or proximate cause of Plaintiff's second surgery, because Plaintiff medical care was inadequate, and the second surgery is proof of the allegation in this Complaint. Furthermore, it also proves Superintendent Glen Aylor lied to the Court in Fluvanna County, when he said, "He could provide medical care for Plaintiff."

26. Mr. P. Grymes, Counselor for the Plaintiff, actually pushed Plaintiff into the shower in a wheelchair while the water was running. Plaintiff is disable with an infectious broken leg, in pain, suffering, and was instructed by the doctor at University of virginia Medical Center not to get the leg splint wet! Counselor Grymes had no regard for Plaintiff nor his serious medical condition/needs. Even prior to that incident the Plaintiff hadn't showered for three days. See Exhibit (A), where the shower is out-of-order. Mr. Grymes also refuse to provide Plaintiff with Informal Complaints and Regular Grievance in violation of the Prisoners litigation Reform Act (PLRA). Plaintiff could get an Inmate Request Form with no problem at all. The in-house resolutions process denied Plaintiff access to the Courts, by preventing Plaintiff the right to exhaust his complaints. Mr. Grymes evaded all issues pertain-

ing to the Grievance Procedures by verbally resolving issues, and stating they are resolved and denying Plaintiff the opportunity to write out his complaints on the proper legal documents. Such intentional, deliberate, and intolerable conduct is deliberate indifference, and violates Article 1, Section 9, of the Virginia Constitution, and the Eighth and Fourteenth Amendments to the united States Constitution. This being a medical unit, to include the counselor's hostile attitude toward Plaintiff and his serious medical need. "To push a cripple in a wheelchair in a shower, and to tell him to do the best he can without any assistance is cruel and intolerable."

27. The Defendants (CVRJ, Employees) individually and jointly were deliberate indifferent to Plaintiff's serious medical needs, which Defendants (CVRJ, Employees) are liable to Plaintiff. The Defendants (CVRJ, Employees) violated the prohibition against Cruel and Unusual Punishment of Article 1, Section 9, of the Constitution of Virginia, and the Eighth and Fourteenth Amendment to the United States Constitution. Plaintiff has been and will continue to be irreparable injuried by the conduct/actions of the Defendants (CVRJ, Employees) failure to provide Plaintiff with adequate medical care. All of the Defendants (CVRJ, Employees) were acting under color of State Law.

### RELIEF

I understand that in Section 1983 action Court cannot change my sentence, release me from custody or restore good time. I understand I should file a Petition for Writ of Habeas Corpus if I desire this type of relief ___TmR___ [Please initial]

The Plaintiff wants the Court to:

1. Award money damages in the amount $240,000.00 against each defendant jointly or/ and severally.

2. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the Constitution of Virginia, and the Constitution of the United States.

3. Any additional relief this Court deems just, proper, and equitable.

## CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a jury or court trial, with appeal to the District Court or direct appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed beforea U.S. Magistrate Judge:**
Yes [X] No [ ]. You may consent at any time: however, any early consent is encouraged.

If you checked Yes, do you wish to have an appeal to the District Court or directly to the U.S. Court of Appeals? (Choose one) U.S. Court of Appeals

## SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this __25th__ day of __June__, 2012.

Plaintiff _Timothy Breeden – Timothy Breeden_

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment Plaintiff's Relief in the above complaint.

Respectfully Submitted

_Timothy Breeden_
Timothy M. Breeden, #1064275
Powhatan Correctional Center
State Farm, Virginia 23160

-8-

Timothy Michael Breeden, #1064275
Powhatan Correctional Center
State Farm, Virginia 23160

Joyce Jones, Supervisory Deputy Clerk
304 U.S. Courthouse
255 W. Main Street
Charlottesville, Virginia 22902

LEGAL MAIL