CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL - 3 2012
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK
for Roanoke

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY MICHAEL BREEDEN, <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:12-cv-00283 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| GLEN AYLOR, et al., <br> Defendants. | ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Timothy Michael Breeden, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Glen Aylor, Superintendent of the Central Virginia Regional Jail ("Jail"); Dr. Clifton Sheets, the Jail's doctor; Amanda Pitt, the Jail's Supervising Nurse; and P. Grymes, a Jail counselor. Plaintiff alleges that defendants caused cruel and unusual punishment in violation of the Eighth Amendment. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts. Plaintiff was in a major car accident on May 30, 2010, that caused a broken leg. Medical staff at the University of Virginia Medical Center ("Hospital") placed rods and screws in the leg and cleaned his wounds. Plaintiff began physical therapy at the Hospital on June 2, 2010, and learned to get in and out of bed, go up and down stairs, and use a handicapped, movable toilet. Plaintiff received a morphine drip, Percocet, and Oxycodone to treat pain. The Hospital discharged plaintiff on June 4, 2010, but provided him an in-home nurse to check his wounds and bandages to prevent infection and fever.

Fluvanna County police officers served plaintiff with a summons to appear at the Fluvanna County General District Court on June 15, 2010, for alleged violations of bond and probation conditions. Plaintiff was taken into custody at the hearing, the court contacted defendant Aylor, and Aylor affirmed that the Jail's medical staff could treat plaintiff's medical needs.

Plaintiff arrived at the Jail on June 15, 2010, and was placed in the maximum-security medical unit. Plaintiff's in-home nurse told "the medical staff" that plaintiff would need to go to an emergency room if the injured leg became redder.

Dr. Sheets met plaintiff on July 8, 2010, examined plaintiff's leg, and told plaintiff that it "looked good." Dr. Sheets prescribed several different antibiotics and advised plaintiff to soak the wound in warm water and apply a hot compress to it.

On July 9, 2010, Jail staff transported plaintiff to the Hospital for a follow up appointment. Plaintiff asked the Hospital's doctor to examine the leg because of excruciating pain. The doctor called for an orthopedic doctor, who squeezed pus from the leg and determined the leg was badly infected and needed emergency surgery. Plaintiff received surgery the next day.

Grymes pushed plaintiff into a running shower at an unspecified date, but the Hospital doctor said to not get the leg splint wet. Grymes also refused to give plaintiff grievance forms.

Plaintiff argues that defendants were deliberately indifferent to plaintiff's serious medical need, breached the duty of care owed to plaintiff, and violated the Virginia Constitution. Plaintiff requests declaratory relief and $240,000 in damages.

2

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See

also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851. See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were inappropriate in light of that risk."). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, such as loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee v. Murphy, 797 F.2d 179, 181-83 (4th Cir. 1986).

Plaintiff fails to state a claim against any defendant. Plaintiff does not explain how Aylor, Dryden, Pitt, or Grymes were personally aware of facts indicating a substantial risk of serious harm or actually recognized the existence of such a risk. See Miltier, 896 F.2d at 854

4

(describing deliberate indifference for non-medical personnel). Plaintiff accuses Aylor of lying to the district court on June 15, 2010, by saying that the Jail's medical staff could treat plaintiff's leg. This allegation is not a sufficient basis for a § 1983 claim about the treatment he received at the Jail between June 15 and July 9, 2010. Plaintiff's only other claim against Aylor is respondeat superior, which is not an actionable via § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978).

Plaintiff acknowledges that Dr. Sheets evaluated plaintiff's leg on July 8, 2010. Dr. Sheets diagnosed the leg as "looking good" but nonetheless prescribed antibiotics and recommended warm water and a warm compress. Plaintiff fails to describe how Dr. Sheets subjectively recognized that prescribing antibiotics and a warm compress and water were grossly incompetent, inadequate, or excessive treatments as to shock the conscience. The fact that the Hospital's doctors wanted surgery to treat the infection presents a disagreement among medical professionals. Claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. at 105-06. See Sosebee, 797 F.2d at 181; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment). Plaintiff's disagreement with how Dr. Sheets diagnosed or treated the leg does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

Plaintiff also fails to state a claim against Grymes about withholding Jail grievance forms. Plaintiff does not have a constitutional right to access a grievance system. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Plaintiff fails to establish any denial of access to courts

5

from not receiving grievance forms. See, e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996) (requiring an injury to litigation for an access to courts claim).

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over any state law claim related to the allegations in the complaint, pursuant to 28 U.S.C. § 1367(c).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 3rd day of ~~June~~ July 2012.

*/s/ Jackson L. Kiser*
Senior United States District Judge